**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ALI EDWARDS,**

                    **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 5:18cv56**
                                                         **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

                    **Defendant.**

### REPORT AND RECOMMENDATION

### I.  PROCEDURAL HISTORY

On April 19, 2018, the Plaintiff initiated this action by filing a complaint under the Federal Tort Claims Act together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Report. On May 30, 2018, the Plaintiff was granted leave to proceed *in forma pauperis,* and on June 14, 2018, he paid the required initial partial filing fee. On July 20, 2018, the Defendant was ordered to file an answer. On August 30, 2018, the Defendant filed a Motion to Dismiss for failure to state a claim. A Roseboro Notice was issued on August 31, 2018, and on November 13, 2018, the Plaintiff filed a traverse to the Defendant's memorandum in support of its motion to dismiss.

### II. THE PLEADINGS

#### A.  The Complaint

In his complaint, the Plaintiff alleges one ground for relief. More specifically, he alleges that he was the victim of cruel and unusual punishment in violation of the Eighth Amendment. By way of explanation, the Plaintiff alleges he was sprayed with OC at 8:00 a.m. but was left untreated by staff until 10:11 a.m. causing a chemical burn and

damage to his skin before he was decontaminated. For relief, the Plaintiff seeks $8,000 in damages.

### B. The Defendant's Motion

In support of its Motion to Dismiss, the Defendant argues that despite the leniency afforded a *pro se* litigant, this Court is empowered to dismiss as unsupportable any unsubstantiated lawsuit such as the Plaintiff's. In addition, the Defendant notes that the FTCA is a narrowly tailored exception to the fundamental rule that the United States cannot be sued. The Defendant also notes that a lawsuit against the United States is forever barred unless the underlying claim is timely and properly presented to the appropriate federal agency. Moreover, the Defendant maintains that an FTCA lawsuit is only cognizable against the United States, while a constitutional civil rights action is only cognizable against the alleged individual wrongdoer. Additionally, the Defendant argues that because constitutional tort claims are not cognizable in an FTCA claim, to the extent that the Plaintiff alleges that FCI Gilmer staff violated his Eighth Amendment right to be free from cruel and unusual punishment, that claim cannot be brought in this action. Finally, to the extent that the Plaintiff is attempting to allege medical negligence, he failed to satisfy the requirements of WV Code § 55-7B-6.

### C. The Plaintiff's Response

First, the Plaintiff argues that the timeline provided by the Defendant is inaccurate and specifically alludes to the delay in in treatment following being sprayed with OC. In addition, the Plaintiff avers that "the core of this lawsuit center[s], once again, on cruel and unusual punishment in violation of the Eighth Amendment." ECF No. 33 at 3.

### III. LEGAL STANDARD

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 18 (7th Cir.1993).

3

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

 "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679. Thus, a well-pleaded complaint  must offer more than "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the

4

applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy. Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir.2001) (cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir.2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 2509 (2007).

## IV. ANALYSIS

There appears to be no dispute that on June 19, 2017, the Plaintiff was involved in a physical altercation with another inmate, and as a result, OC (pepper spray) was deployed. The Plaintiff alleges that this occurred at approximately 8:00 a.m., and he was then handcuffed with his hands behind his back and taken to the Segregated

Housing Unit ("SHU"). The Plaintiff maintains that he complained about the pepper spray burning his eyes, nose and lungs, but he was left unattended and in pain.  The Plaintiff alleges that medical staff did not come to the SHU until approximately 10:00 a.m. to treat him for exposure to the pepper spray.

Conversely, the BOP records indicate that the incident occurred at approximately 8:40 a.m.[1] The Plaintiff was seen at Health Services at 10:11 a.m. after he had been decontaminated. The Plaintiff's medical records indicate that he was alert and oriented to person, place, time and situation. He appeared well. Steady gait was noted. The Plaintiff denied any injury and did not appear to be in pain. Upon visual exam of the Plaintiff's head, trunk and extremities, no injuries were identified, and no distress was noted. The Plaintiff was advised to follow-up with sick call as needed. ECF No. 1-1 at pp. 1-3.

On August 7, 2017, the Plaintiff filed an administrative tort claim seeking $8,000 for personal injury. The Plaintiff's claim was denied by letter dated October 25, 2017 [ECF No. 1-2 at p. 7], and the Plaintiff filed this FTCA within the six month statute of limitations.

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States.  The United States cannot be sued in a tort action

---

[1] An Incident Report was prepared and delivered to the Plaintiff four days later on June 23, 2017. ECF No. 22-1 at p. 6. A Disciplinary Hearing was conducted on July 17, 2017. The Plaintiff refused to appear before the Disciplinary Hearing Officer ("DHO"), and he did not submit any written statement in his defense. Based on the evidence, including the Incident Report, the DHO found that the Plaintiff committed the prohibited act of assaulting any person (minor), Code 224. The Plaintiff was disciplined with the loss of 21 days good conduct time, 7 days disciplinary segregation and loss of phone privilege for 3 months.  ECF No. 1-2 at pp. 4-7.

unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680.

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." <u>United States v. Muniz</u>, 374 U.S. 150 (1963). The FTCA provides at § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

However, the FTCA does not create a new cause of action. <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001). "The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." <u>Id.</u>

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any government employee or agency is the only proper defendant in an FTCA lawsuit. <u>See</u> 28 U.S.C. 2679(a); <u>Webb v. Hamidullah</u>, 281 F. App'x 159, 161 n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); <u>Holmes v. Eddy</u>, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA); <u>Allfgeir v. U.S.</u>, 909 F.2d 869 (6th Cir.

1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee").

A constitutional civil rights claim is not cognizable in an FTCA lawsuit. <u>FDIC v. Myer</u>, 510 U.S. 471, 477-79 (noting that a constitutional tort claim is not cognizable in an FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); <u>Blanchard v. United States</u>, No. 2:14cv58, 2015 WL 4107311, at 13 (N.D.W. Va. July 7, 2015), <u>aff'd</u> 622 F. App'x 287 (4th Cir. 2015) (per curiam) (unpublished) (finding that a civil rights claim alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment is not actionable against the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA.

The Plaintiff's complaint as well as his administrative tort claim allege that he suffered cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Likewise, in his traverse, the Plaintiff "avers that the core of this lawsuit center[s], once again, on cruel and unusual punishment in violation of the Eighth Amendment…simple to the point." ECF No. 33 at p. 3.

The Plaintiff elected to file an FTCA against the United States and not a civil rights constitutional lawsuit against individual BOP employees. Therefore, because the Plaintiff alleges that BOP staff violated his constitutional right to be free from cruel and unusual punishment, he fails to state a valid claim for relief under the FTCA.

Moreover, to the extent that the Plaintiff's FTCA claim could be construed as medical negligence claim, it is due to be dismissed, as well. To establish a medical negligence claim in West Virginia, the plaintiff must prove:

(a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3.

When a medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. American Hospital for Rehabilitation, 529 S.E.2d 600, 605-606 (W.Va. 2000).

Additionally, under West Virginia law, certain requirements generally must be met before a health care provider may be sued. W.Va. Code §55-7B-6. This section provides in pertinent part:

**§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section. (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care at issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or

9

death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W. Va. 2004); see also Starns v. United States, 923 F.3d 34 (4th Cir. 1991) (holding West Virginia's medical malpractice liability cap applies to claims brought against the United States under the FTCA).

The Supreme Court of Appeals of West Virginia has clarified that: "[t]he requirement of a  pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the court." Hinchman v. Gillette, 217 W.Va. 378, 618 S.E.2d 387, 394 (2005). Rather, "in determining whether a notice of claim and certificate are legally sufficient, a reviewing court should apply [§ 55-7B- 6] in light of the statutory purposes of preventing the making and filing of frivolous medical malpractice claims and lawsuits and promoting the pre-trial resolution of non-frivolous medical malpractice claims." Id. at 395. The appropriate inquiry is whether the plaintiff "has demonstrated a good faith and reasonable effort to further the statutory purposes." Id.

In the instant case, the Plaintiff did not specify any medical negligence or malpractice allegation in his administrative tort claim. Instead, as previously noted, he alleged that he had suffered cruel and unusual punishment because the incident occurred at 8:40 a.m., and it took an hour and a half for the officers to rinse the mace

out of his eyes and then escort him to medical. ECF No. 22-1 at pp. 10-11. Accordingly, the administrative claim did not provide the BOP with notice from which to investigate, analyze and potentially resolve a prospective medical negligence or malpractice claim, and fails to satisfy the pre-suit notice of claim required under West Virginia law.

Furthermore, the adequacy of medical care following the use of force generally requires expert testimony. See Lancaster v. USP Hazelton, 3:16cv30, 2017 WL 2448187 *4 (N.D.W. Va. Aug. 11, 2017) (where inmate claimed not that he was denied medical attention altogether but rather was denied adequate medical attention following a use of force, expert testimony was required and thus a screening certificate of merit was also required). The Plaintiff has not presented a screening certificate of merit nor has he provided any explanation why he should not have to comply with this mandatory requirement.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Dismiss [ECF No. 21] be **GRANTED**, and the Plaintiff's complaint be **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM FOR RELIEF.**

Within fourteen days of service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: May 31, 2019

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE