IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ALI EDWARDS,

      Plaintiff,

v.                                        Civil Action No. 5:18CV56
                                                          (STAMP)
UNITED STATES OF AMERICA,

      Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**


I.  Background

The pro se[1] plaintiff is currently incarcerated at FCI Gilmer,
where he is serving a sentence imposed by the United States
District Court for the Northern District of West Virginia.  ECF No.
1 at 1-2.  The plaintiff filed a claim under the Federal Tort
Claims Act ("FTCA"), in which he alleges a violation of the Eighth
Amendment of the United States Constitution.  Plaintiff contends
that he was sprayed with oleoresin capsicum ("pepper spray") when
guards acted to gain control of an altercation between inmates at
8:00 a.m. and was "left untreated by staff until 10:11 a.m.,
causing a chemical reaction and damage to his skin."  ECF No. 1
at 6.  Plaintiff's complaint also states that he was "subject to
unreasonable restraint" and had a "toxic substance sprayed on him,

_____

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1416 (10th ed. 2014).

as a result of the staff of FCI Gilmer's procedures and processes during an incident." ECF No. 1 at 7. The plaintiff brings this suit against the government, as represented by the Federal Bureau of Prisons ("BOP"), along with three individual employees at FCI Gilmer. Id. at 6. Plaintiff seeks "all relief available under the law, including $8,000 for damages as well as any other appropriate relief." ECF No. 1-1 at 7.

The government filed a motion to dismiss and a memorandum in support of its motion to dismiss. ECF Nos. 21 and 22. The government requests that the plaintiff's complaint be dismissed because plaintiff has "fundamentally failed to present a cognizable legal claim." ECF No. 21 at 1. The government contends that plaintiff inserted himself into a fight between two other inmates at 8:40 a.m., when he "ran between the staff members and hit one of the fighting inmates." ECF No. 22 at 1. The government states that FCI Gilmer staff used pepper spray to gain control of the plaintiff, who was photographed after the incident, at approximately 8:40 a.m. Id. The government reports that the plaintiff was decontaminated "without delay" and that the plaintiff denied any injury when he was evaluated after the decontamination at 10:00 a.m. FCI Gilmer medical staff allege that they observed no injuries at the time of evaluation. Id. at 2.

The government asserts that this Court should dismiss the plaintiff's complaint for various reasons. ECF No. 22. First, the

government asserts that this Court should dismiss the complaint as unsubstantiated and unsupported.  Id. at 3-4.  In support of this argument, the government alleges that during the evaluation, the plaintiff said that he had no injuries, directly contradicting his claim that he suffered an injury.  Id.  Additionally, according to the government, a photograph of the plaintiff "after the alleged assault and use of pepper spray demonstrates no discernible injuries."  Id.  Second, the government indicates that the FTCA is a narrowly tailored exception to the fundamental rule that the government cannot be sued.  Third, the government asserts that a lawsuit against the United States is forever barred unless the underlying claim is timely and properly presented to the appropriate federal agency.  Specifically, the government states that an FTCA lawsuit is only cognizable against the United States, while a constitutional civil rights action is cognizable against the alleged individual wrongdoer.  Id. at 6.  Fifth, the government maintains that because constitutional tort claims are not cognizable in an FTCA claim and since the plaintiff argues that FCI Gilmer staff violated his Eighth Amendment right to be free from cruel and unusual punishment, the plaintiff's claim cannot be brought through this action.  Id. at 8.  Sixth, even though it was not included in the plaintiff's original claim, the government notes that the plaintiff has failed to satisfy the requirements of

medical negligence as stipulated by West Virginia Code § 55-7B-6 (2019). Id. at 9.

Plaintiff filed a motion for an extension of time to respond to the government's motion to dismiss. ECF No. 28. Plaintiff attributed the need for an extension to an institutional lock-down and a work schedule that did not allow him enough time in the prison law library to complete his response. Id. United States Magistrate Judge James P. Mazzone granted the extension. ECF No. 29.

Plaintiff then filed a motion titled "Traverse to the Defendant's Memorandum in Support of the U.S.A.'s Motion to Dismiss." ECF No. 33. Plaintiff states that the timing of events described by the government is inaccurate, maintaining that he was pepper sprayed at 8:00 a.m. and not decontaminated until 10:00 a.m. The plaintiff claims that "two hours does not represent immediately or 'without delay' in anyone's sense of time," stating that "because the plaintiff was involved in an incident, the collusion of the medical staff and those in custody decided to punish him by letting him suffer as the pepper spray burned him." Id. at 2-3.

Magistrate Judge Mazzone then entered a report and recommendation in which he recommended the case be dismissed with prejudice for failure to state a claim for relief. ECF No. 40 at 11.

The plaintiff did not file any objections to the magistrate judge's report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## IV.  Discussion

In his report and recommendation, the magistrate judge cites Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), which states that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 4.  Specifically, the magistrate judge looks to United States v. Muniz, 374 U.S. 150 (1963), which finds that an inmate "can sue under the [FTCA] [sic] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee."  Id. at 7.  The magistrate judge views Muniz in conjunction with 28 U.S.C. § 1346(b), which

only authorizes lawsuits against the United States itself, not any government employee or agency. Id.

Furthermore, the magistrate judge cites FDIC v. Myer, 510 U.S. 471, 477-79 (1994), which finds that a constitutional civil rights claim is not cognizable in an FTCA lawsuit. ECF No. 40 at 8. The magistrate judge notes that the plaintiff claims that "the core of this lawsuit center[s], once again, on cruel and unusual punishment in violation of the Eighth Amendment." Id. The magistrate judge further notes that in this case, the plaintiff chose to file an FTCA claim, not a civil rights constitutional lawsuit. Id. The magistrate judge concludes that "because the plaintiff alleges that BOP staff violated his constitutional right to be free from cruel and unusual punishment, he fails to state a valid claim for relief under the FTCA." Id.

The magistrate judge further states that even if plaintiff's claim could be construed as one of medical negligence, that this civil action should still be dismissed because the plaintiff did not specify any medical negligence or malpractice allegation in his administrative tort claim, nor did he provide the screening certificate of merit for the required expert testimony on the adequacy of medical care. Id. at 10. Finally, the magistrate judge states that the plaintiff has not provided any explanation as to why he should not have to comply with the mandatory requirements of medical negligence or malpractice claims. Id. at 11.

For these reasons, the magistrate judge recommended that the government's motion to dismiss be granted and plaintiff's complaint be dismissed with prejudice for failure to state a claim for relief. Id.

This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 40) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the government's motion to dismiss (ECF No. 21) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   July 2, 2019


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE